*533 The opinion of the Court, was delivered by
Daytost, J.
The lessors of the plaintiff in this case, claim title under a sheriff’s deed. An exemplified copy of the judgment and execution on which it was founded, was offered in evidence, whereby it appeared there was a material variance between the execution in evidence and recited in the deed, and the j udgment upon which it was alleged to have been issued. The judgment being for the debt and the damages assessed at three hundred and fifty dollars, besides one hundred and sixty four dollars and twenty-two cents costs of suit, making the aggregate of damages and costs, five hundred and fourteen dollars and twenty two cents. Whereas, the execution recites a judgment for the debt, together with three hundred and fifty dollars and twenty two cents damages and costs; making a difference of one hundred and sixty-four dollars.
The only question is, whether or not the act of the 28th of November 1831, curing certain variances between the deed and execution, and the execution and judgment, can be fairly construed to cover the present case. My opinion is that it can and ought to he so construed. It will be recollected that the frequent difficulties growing out of these trifling variances, had become a source of general complaint: and the necessity for the adoption of the rule which rendered them fatal to a sheriffs’ deed, was a matter of general regret to the profession. The act in question was intended to correct the grievance, and protect purchasers in all such cases. There is no variance in this case, between the recital in the deed and the execution, but the execution varies materially from the judgment, still the words of the act are, that the deed shall be good “ notwithstanding any variance between the said execution or executions, and the judgment or judgments, &c„” This objection therefore is directly within the words and meaning of the act.
But it may be alleged that the statute does not cure a variance between the deed and judgment. Nor does it in very words, hut it does that which is tantamount to i-t; it cures a misrecital of the execution, in the deed, and a misrecital of the judgment, in the execution. Now, the judgment is never recited in the deed, except by way of reciting the execution. Suppose then, the judg *534 ment in this case, had been correctly recited in the execution, but in reciting that part of the execution, in the deed, which sets out the amount of the judgment, it had been incorrectly stated; the variance would have been cured by the express terms of the act. Or in other words, the act would cure a variance between the deed and both the execution and the judgment as set out in that execution, but will not cure a variance between the deed and the judgment alone. This could never have been the intent of the legislature. The act in its nature is remedial; and it is our duty to give it such a construction, as will effect its intent, and advance the purposes of justice.
This question was indirectly decided in the case of Den. ex dem. Sharp v. Humphries and others, decided in the Court of Errors in the Term of January last. In that case, the sheriffs’ deed in setting out the execution, recited a judgment of 1807. Whereas the judgment in evidence was entered in 1802. ’ Here was a variance of five years in the date of the judgment. And although this objection was raised and argued at length, the Court considering it cured by the statute, did not notice it, but decided the case entirely on other grounds. As will be seen by reference to the minutes of that Court, in which (to prevent misapprehension of the principles settled by the decision) it was ordered that the ■same be entered.
A variance between the deed and execution was formerly held fatal, only because the statute required the execution to be recited. Without that requisition, the variance would have been immaterial. 10 J. JR. 331; 9 Oowen, 182.
A variance between the execution and judgment, was held fatal because such a judgment was not shown, as that on which the sheriff in his deed, alleged the sale to have been made. Den v. Despreaux, 7 Hal. 183. All this is cured by the supplementary act before referred to. It has never been required that the sheriffs’ deed reaching back of the execution, recite directly the judgment. All the law requires is, that there should in point of fact be a judgment existing as a ground work or authority for the sheriff to sell. A misreoital of that authority, when not required by law, can no more affect the deed, than a misrecital by an individual, of a deed for his house, would avoid his grant for the same. Let the rule to shew cause be discharged.
*535 Hornblower, C. J. and Ford, J. concurred. White, J. ab- . sent.

Rule discharged.